UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | No. 2:17-cv-0829 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| D. SWINGLE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion to proceed in forma pauperis. ECF No. 2.

I. Motion to Proceed In Forma Pauperis

Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

1

> granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Court records reflect that another judge of this court, in Womack v. Sullivan (Sullivan I), 2:14-cv-0085 WBS EFB P, previously determined that on at least three prior occasions, plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 2014 WL 11774841, 2014 U.S. Dist. LEXIS 12457 (E.D. Cal. Jan. 30, 2014, adopted in full February 25, 2014[1]). In denying plaintiff in forma pauperis status pursuant to § 1915(g), the court relied on Womack v. Contra Costa County, No. C 04-3043 MMC, 2004 U.S. Dist. LEXIS 21975 (N.D. Cal. Oct. 13, 2004), which declared plaintiff a three-strikes litigant and identified "(1) Womack v. Superior Court, 99-2470 MMC (N.D. Cal. July 6, 1999) (Order of Dismissal)[2] and (2) Womack v. Daley, 99-2469 MMC (N.D. Cal. July 6, 1999) (Order of Dismissal)[3] as among the 42 U.S.C. § 1983 actions filed by plaintiff, which 'were dismissed on the grounds that such actions were frivolous, malicious, or failed to state a

---
[1] 2014 WL 11774842, 2014 U.S. Dist. LEXIS 188490.
[2] 1999 U.S. Dist. LEXIS 24145.
[3] 1999 U.S. Dist. LEXIS 24146.

2

claim upon which relief may be granted.'" Sullivan I, 2014 WL 11774841, at *1, 2014 U.S. Dist. LEXIS 12457, at *1-2. The court also relied on Womack v. Donahoo, No. 2:12-cv-3110 WBS EFB, 2013 U.S. Dist. LEXIS 184681 (E.D. Cal. Sept. 13, 2013), which was dismissed for failure to state a claim. Sullivan I, 2014 WL 11774841, at *1, 2014 U.S. Dist. LEXIS 12457, at *1-2. On appeal, the Ninth Circuit held that "[t]he district court [in Sullivan I] did not abuse its discretion by denying Womack leave to proceed in forma pauperis because it correctly determined that Womack had filed at least three actions that had been dismissed as frivolous or for failure to state a claim." Womack v. Sullivan, 594 Fed. App'x 402 (9th Cir. 2015).

Based on the foregoing, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must allege facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of the filing of the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for the purposes of the 'imminent danger' exception under § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint does not allege facts establishing imminent danger because the facts alleged refer to events that happened in the past and at a prison where plaintiff was no longer housed at the time he filed the complaint.[4] ECF No. 1. The undersigned will therefore recommend that the motion to proceed in forma pauperis be denied and plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.     Plain Language Summary of this Order for a Pro Se Litigant

You have three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time

---

[4] The complaint alleges that between 2014 and 2015, defendants at High Desert State Prison delayed a necessary ankle surgery by fifteen months. ECF No. 1. Plaintiff was housed at California State Prison, Sacramento when he filed the complaint on April 4, 2017. Id. at 1, 12.

3

1  you filed the complaint.  Because your claims are about things that happened in the past at a
2  prison you are no longer housed at, you cannot show imminent danger.  It is therefore being
3  recommended that your motion to proceed in forma pauperis be denied and that you be required
4  to pay the entire filing fee in full before you can go forward with your complaint.

      Accordingly, IT IS HEREBY RECOMMENDED that:

      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied because he has accrued three strikes under 28 U.S.C. § 1915(g) and has not demonstrated that he is under imminent danger of serious physical injury.

      2.  Plaintiff be given thirty days to pay the entire $400.00 in required fees or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE